

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   APR 20 2016

WILLIAM W. BLEVINS
CLERK

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF LOOISIANA

FIRNIST J. ALEXANDER                                    **PLAINTIFF**

VS,                                        CIVIL ACTION NO. **16 - 3556**
                                           <u>JURY TRIAL REQUESTED</u>

                                           **SECT. S MAG. 5**

HONORABLE KERN REESE
T, COLLETTE  WHITE ESQUIRE
,COREY PIERCE ESQUIRE
KEN LEdOUX, ESQUIRE
FIRST NBC BANK                                          **DEFENDANTS**


## COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

### A.    INTRODUCTION

1.    This is an action at law to redress the deprivation under color of state

law,  statute, regulation,  ordinance ,  custom or usage of a right,

privilege and/or immunity secured to plaintiff by the First and Fourteenth

Amendments to the Constitution of the United States R.S. 1979, 42 U USC

Section 1983 and Section 1985 and arising under the law and statutes of the

State of Louisiana.          TENDERED FOR FILING

APR 20 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Fee $400 00
Process
X Dktd
CtRmDep
Doc. No

B.    JURISDICTION

2.  The jurisdiction of this Court is invoked under 28 USC  Section 1343 (3),
This being an action  authorized by law to redress the deprivation under color of
state law of a right privilege and immunity secured to plaintiff by the First and
Fourteenth Amendments to the Constitution of the United States.

3.    The matter in controversy exceeds exclusive of interest and costs
The sum or value of Ten Thousand Dollars ($10,000) (28 uSC Section 1331.

C.    PARTIES

4.    During all times mentioned in this complaint Plaintiff, Firnist J. Alex
ander was and is a citizen of  the United States and a dual resident of Jackson,
Mississippi and New Orleans, Louisiana.

5.  At all times mentioned herein, Defendant, Judge Kern Reese was a
duly elected and presently acting Judge of the Civil District Court of Orleans
Parish, Louisiana. As such, Judge Reese was obligated to enforce and comply
with the laws of the State of Louisiana and to comply with his oath of office..
At all times mentioned herein commencing from and after July 14, 2013
Judge Reese acted in the complete absence of jurisdiction in the matter of
the Succession of Gwendolyn S. Walker No. 2013 -6575 on the docket of the
Civil District Court of the Parish of Orleans.   Judge Reese is sued in his individual

-2-

capacity only

6.    At all times mentioned herein, Defendants T. Collette White,
Corey Pierce and Ken LeDoux were practicing attorneys in the State of Louisiana

7.  At all times mentioned herein, Defendant First NBC Bank  was a
National banking Corporation.


D.  FACTS

8.   Plaintiff, Firnist J. Alexander, hereinafter, "FJA"  or "Plaintiff"is a
nephew of the late  Gwendolyn S. Walker and an heir and creditor in the cause
styled  In Re Succession of Gwendolyn Stewart Walker  currently pending as
Cause No 2013-6575 on the docket of the Civil District Court of the Parish of
Orleans. ,hereinafter "the Civil District Court".

9.     On October 21, 2011, FJA  applied to become Curator of the person
And estate of Gwendolyn iS. Walker in  an Interdiction proceeding initiated  e
that date.  FJA was duly appointed Curator of her person and estate on March
16, 2012 in Cause No. 2011-11091 by Defendant Judge Kern Reese. All funds be-
longing to Gwendolyn S. Walker were ordered deposited in the Registry of the
Civil District Court.   A summary of services performed by FJA as Curator and a
full accounting of the funds received  and spent by FJA is on file in the Office of
the Clerk of the Civil District Court  contained in three documents:

-3-

a. <u>Curator's First Report Regarding the Expenditur Of All Funds Belonging To Gwendolyn S. Walker And Mption To Increase Allottment , to Approve Bid For Renovation and Other Relief</u>

b. <u>Curator's Final Report regarding the Interdiction of Gwendolyn Walker</u>

c. <u>Curator's Motion for Determination of Curator Fee and for Reimbursement of Expenses Not Previously Reimbursed</u>

A true and correct copy of all of these documents was hand delivered by FJA to the Chambers of Defendant Judge Reese on the day of filing . In addition, all bank statements covering the period of interdiction were provided for the account of Gwendolyn Walker, S.C. Walker, Jr., (the Under Curator) and the Curator's account. These bank records were not filed in the records of the Civil District Court because of privacy considerations, but were submitted to Defendant Judge Reese for his <u>In camera </u>review.

10.    On April 26, 2013 as a part of the Curator's First Report, FJA

reported to the Civil District Court that bids had been obtained for the renovation of the rear portion of the property where Gwendolyn Walker resided and that once renovated, that portion of the property could be rented out to supplement the monthly income of Gwendolyn Walker. The rental income could be used to repay a loan for the renovation. Judge Reese said he liked the idea. However, although he did not lack confidence in FJA, the Court appointed officer he had designated to handle Gwendolyn Walker's affairs, he

-4-

had someone he preferred to do the job.   The person he preferred to oversee the renovation of FJA' family's property was  Defendant Collette White, Defendant White failed to secure any bids for the renovation. No deposit was made to secure a loan for the renovation, no steps were taken toward the renovation and consequently, no rent was collected during the lifetime of Gwendolyn Walker or since her death.   The renovation never commenced.

12  With the death of Gwendolye Walker, on July14, 2013 the Interdiction proceeding came to an end as a matter of law on July 14, 2013.   All jurisdiction of Defendant Judge Kern Reese also ended on that date. Although Defendant Judge Reese had expressed his desire to appoint Defendant White as Attorney Advisor to the Court and Custodian of Real Property, no order appointing her was entered during the lifetime of Gwendolyn S. Walker or during the pendency of the Interdiction.   Consequently Defendant White was never lawfully appointed to the position.  On July 15, 2013, FJA filed a Petition to open the Succession of Gwendolyn Stewart Walker.   The new cause was assigned to the Division of Judge Bagneris,  who was thereby vested with sole jurisdiction over the Succession,  to the exclusion of all other judges on ther Civil District Court, including Judge Kern Reese.

13.   On August 2, 3013, Margaret A. Williams, a sister of the FJA filed an Affidavit in Opposition to FJA's Petition to be Appointed Administrator.

-5-

On August 16, 2013, while ignorant of the fact that an opposition to his Petition had been filed, FJA filed a Motion For An Order Directing the Clerk to Disburse Funds for Funeral Expenses and other Urgent Obligations of Gwendolyn S. Walker. These obligations were: D. W. Rhodes Funeral Home , $6,013.55, Oschner Hospital , 5,549.09, Amed Ambulance Service $221.50, Passages Hospice, $2,180.00, and taxes on the property at 5524 Perrier Street in the amount of $8488.51.

14. On August 26, 2013, FJA filed a Motion for Order Directing the Clerk To Transfer Funds Held in the Court Registry under the Interdiction to be earmarked for the Succession "…in order that her debts be paid and her heirs be placed in possession"., No action was ever taken on this Motion.

15. On September 3, 2013 this cause was transferred from Judge Bagneris' Division to Defendant Judge Kern Reese's Division in direct violation of Article 252.2 Louisiana Code of Civil Procedure which provides that "

> After a case has been assigned to a particular section or division of the Court it may not be transferred from one section or division to another within the same Court unless agreed by all parties or unless it is being consolidated for purposes of trial pursuant to Art 1561.

All parties did not agree to the transfer and Gwendolyn Walker's interdiction could not possibly be consolidated with her Succession. the existence of which presupposes her death which, of course, ended her Interdiction. Because the

-6-

transfer was illegal and a nullity, Defendant Judge Reese never acquired any jurisdiction over the Succession and all of his purported acts from that time forward were null and void.

16   On September 4, 2013 Defendant Judge Kern Reese entered an Order appointing Defendant T. Collette White as Provisional Administratrix of the Succession of Gwendolyn Stewart Walkler The Order stated that the cause had been transferred by an Order signed on September 4,2013 by Judge Bagneris,

Division H,  and Judge Reese, Division L. The Order recited that an Opposition to the Petition of Firnist Alexander was filed by Margaret Williams.  At this point the Court was obligated to assign the Opposition for Trial pursuant to Art 3096, Louisiana C.C.P. The Court did not do so.  Instead  Defendant Judge Reese, who had participated in an unlawful transfer of  the Succession to his own Division And was therefore totally devoid and lacking any jurisdiction in the Successikon appointed his preference, Defendant, T. Collette White,  his former law clerk to be Provisional Administrator, thereby denying Plaintiff due process of law, i.e. the hearing required by Art. 3096 (trial of the opposition filed by Margaret Williams).  He further Ordered that the security be waived' even though that was not authorized by Articles  3112, 3151 and  3152 Louisiana C.C. P.  Article 3151 provides that a Provisional Administrator  "shall Furnish security and take the oath of office..." Therefore, Defendant  White has never qualified to serve as Provisional Administrator in this Succession, even if her appointment had been

lawfully made by a judge with jurisdiction, which it was not.

17.   Furthermore, Judge Reese was statutorily prohibited from appointing T. Collette White as Provisional Administrator because she was disqualified under Art 3097 Louisiana Code of Civil Procedure because she was not a surviving spouse, heir, legatee or creditor of the decedent Gwendolyn Walker See Exhibit 2.On September 24, 2013, Defendant White filed a motion "Authorizing The Payment of Debts of this Succession."  However, she was not referring to the bills included in FJA's motion filed the previous month. She was referring only to her own fee as Advisor to the  Court and Conservator of Real Property.  However,  she was not entitled to any fee whatsoever since no order appointing her to serve in this capacity was entered during the pendency of 'the Interdiction.  Nonetheless, Defendant Judge Reese, acting again without jurisdiction,  and without notice to the heirs, i.e. the only parties  legitimately interested in the succession, signed an Order paying Defendant White the sum of  $6,746.86 from the Succession funds on deposit in the Registry of the Civil District Court.

18.   On June 18, 2014,  FJA filed his "Motion to Overrule The Objection of Margaret Alexander Williams to the Designation of The Administrator of this Succession, to Relieve the Current Provisional Administrator Of Any Further Responsibility for Administering this Succession To Require the Redeposit of all Succession Funds back into the Registry of the Court to Direct the Payment of All known Debts of the Succession and to

Place the Heirs in Possession of the Remaining Assets of the Succession.
It has now been more than twenty-two months after the filing of this Motion
and it has yet to be heard. Although there are five aspects of the motion, no
relief has been granted as to any aspect of the motion. Now, more than thirty
two months after the death of Gwendolyn Walker, all of her debts have not
been paid, the funds have not been placed back in the Court Registry, the heirs
have not been placed in possession and T. Collette White, who was illegally
appointed Provisional Administratrix, has not been removed by a judge who
illegally transferred this cause to his own division

19.    Defendant Judge Reese, acting without jurisdiction set September
12, 2014 as the initial hearing date for a show cause hearing on the motion  On
September 12, 2014, the hearing was continued until September 24,
2014. On September 24, 2014, at the request of Mark Powell, Attorney for
Margaret Alexander Williams, the hearing was again reset to the 5th day of
December 2014, more than six months after the filing date of the motion.
On December 5th, the hearing was continued until January 9th 2015, at which
time it was continued again until January 23, 2015.  On January 22, 2015,
Defendant White filed an "Unopposed Motion For Continuance' which
she presented to the Court on January 23, 2015. The issue of whether the
Motion to Continue was "unopposed" was contested by the FJA
Nevertheless, Defendant Judge Reese ruled that since Margaret Alexander
Williams was absent, having apparently been told that the matter was

-9-

continued, the  hearing would be reset for March 27, 2015. (Tr. 46).  The Motion was not heard on March 27, 2015 because on February 27,2015, Defendant White filed a Motion  for Extension of Time of twenty days to respond to a Motion  that had been pending for eight months.  Her motion falsely asserted that the "motion has not been set for hearing". Of course as Defendant White and Defendant  Judge Reese  both knew, the motion had been set numerous times, most recently January 23, 2015 As usual, the Motion for Extension of time was not served on the heirs and they were given no notice and no opportunity to be heard before Defendant  Judge Reese granted the Motion,.

20.     On January 23, 2015 Defendant Judge Reese pretended to havejurisd Jurisdiction of the Succession when he well knew he had absolutely none. He allowed Defendant White to falsely assert that she had paid all of the debts of the Succession when she well knew that she had  not. She also falsely asserted that  the reason FJA had not been paid his curator fee and reimbursed his Costs was his failure to properly document his claim.  Also on January 23, 2015 Defendant White knowingly and deliberately filed a false annual accounting with the clerk of the Civil District Court.  Also on January 23, 2015 Defendant White illegally withdrew the sum of $13, 451.88 from the account of the Succession  of Gwendolyn S. Walker in direct violation of Article 3222 of the Louisiana Code of Civil Procedure.

21    On February 2, 2015 a notice of Status Conference was issued to only Defendant  White, Esq. and FJA, not to  Sigismund Walker Alexander or Marion Alexander Coleman or to the Attorney of Record for Margaret Alexander Williams .   The Status Conference was scheduled for February 26, 2015   At the Conference, the following matters were discussed:

a.  Defendant White stated that she had concluded that the Successions of Marion Dozier Walker, Sigismund C. Walker, Sr. and Sigismund C. Walker, Jr. would have to be done separately and could not be done as ancillary to the Succession of Gwendolyn Stewart Walker. In effect, they would have to be entirely new proceedings.

FJA restated what he had told Defendant . White on January 23, 2015, that he did not want her to take any further action  on the Succession of Gwendolyn Stewart Walker ,  that he had proof that the bills Ms. White had claimed on Jauuary 23, 2015 had been paid, in fact were still unpaid a month later.  Ms. White then produced the checks she had claimed were mailed before Januay 23, 2015.  Defendant Judge Kern Reese then told . White to "pay the bills". At this time it should have been clear to  Defendant Judge Reese that Defendant White had made deliberate misrepresentations to him at the January Hearing when she asserted that all the bills had been paid with  the

11.

exeeption of the claim of FJA Defendant. Judge Reese did not admonish Ms White for her misrepresentation even though she displayed proof of Alexander's assertions by exhibiting the checks that she had claimed were mailed a month before. Instead the Defendant Judge Reese admonished FJAl that the allegation he was making was serious and could not be considered at a status conference but had to be made in open Court.

b. Defendant Judge Reese and Defendant. White discussed whether the Court had the authority to Order the Successions done. Defendant Judge Reese apparently concluded that he could not order the Successions done. Defendant Judge Reese then advised FJA, the only heir present and the only creditor who had not been paid, that the Court would not release any additional funds until the additional successions were done anyway.

It is respectfully submitted that the heirs and the heirs alone have the prerogative of deciding if and when they want the Successions of their relatives done and that Judge Reese was correct in concluding that he had no authority' to order that they be done. See Article 3097 Louisiana Code of Civil Procedure . In fact, Judge Reese had no authority or jurisdiction to do anything with regard to the Succession.

22.     Thereafter on April 1, 2015,  Defendant White filed two fraudulent petitions to open successions for Marion Dozier Walker and Sigismund C. Walker, Jr. See the pending Motion to Remove Provisional Administrator for Filing Fraudulent Petitions.  In each of the two petitions  Defendant  White claimed that the Petitions were being filed by the four heirs when she well knew they were not.  See Exhibit 8. Immediately thereafter Defendant White filed a Motion Authorizing  Payment of Debts of this Succession."  The Motion contained the blatantly false assertion;

On January 23, 2015, T. Collette White, Attorney  was ordered to open all Successions required for the proper administration of the Succession of Gwendolyn Walker'

The Court entered no such order on January 23, 2015 or at any other time Defendant Judge Kern Reese, acting under color of law and pretending to have Jurisdiction when he well knew he had absolutely none, nonetheless illegally ordered Seven Thousand Dollars paid to Defendant T. Collette White from the Succession account as compensation due her for filing the fraudulent petitions.

.

23.    As a result of the blatantly unlawful action of Defendant White apparent violation of Louisiana Revised Statutes 14:67.16 (Identity Theft), FJA filed a third Motion to have Defendant. White removed as Provisional Administrator.   A hearing date for that Motion was set by the Court for July 24, 2015.

24.    Defendant  White, apparently responded by filing a Motion for the

Court to approve an employment contract with another law firm to help her defend herself from FJA's Motion at the expense of the Succession. Although this contract was in clear violation of Art 3194 Louisiana Code of Civil Procedure, Defendant Judge Reese acting under color of law and pretending to  have jurisdiction when he well knew he had none entered an Order  approving the Contract. and allowed Defendant White to employ defense counsel at the expense of the Succession.

25.    During the week before July 24, 2015, the undersigned was informed b by Defendant Judge Reese's chambers that the third Motion to remove the Provisional Adminiostrator, Defendant White, i.e. the Motion alleging in essence, identity theft  was no longer in the Court file and consequently would not be heard on July 24, 2015.


26.    In March of 2015, Plaintiff served a subpoena on Defendant First NBC Bank seeking all documents associated with the Bank Account for the Succession of Gwendolyn C. Walker.  The subpoena was not honored because the bank contended that the affidavit attesting to service on Defendant White was not in the proper form. A second subpoena was issued in May of 2015 and due to the intervention of  Marsha Crowe, Vice President, the documents were produced on June 4, 2015.  On that date Plaintiff informed Ms Crrowle  that Defendant White had filed a false accounting, and filed fraudulent petitions in

-14-

an attempt to steal the identities of all four of the heirs of Gwendolyn Walker..
Ms Crowle's immediate response was to inform the Plaintiff that she, Ms.
Crowle, would "shut it down" and place the funds in the registry of the Court
via a concursive proceeding.

27.  On June 25, 2015 Plaintiff had a phone conversation with
Defendant Ken LeDoux, an attorney for  Defendant First NBC Bank who
informed Plaintiff of the following facts:

    a.  that the funds in the Succession account (on which Defendant
       White was the sole signatory) were no longer frozen

    b.  That Marsha Crowle had requested that he file a concursive pro-
       ceding so that the Succession funds would be redeposit in the
       Court Registry.

    c.  He, LeDoux had gone to the Civil District  Court and reviewed
       the  entire record of the Succession.

    d.  He had concluded that a concursive proceeding would not be
       appropriate and,

    e.  As a Louisiana attorney, Defendant White was required to have
       malpractice insurance which would be available in the event
       Defendant White continued to dissipate Succession funds held in
       First NBC bank.

-15-

## CONSPIRACY

26    The above and foregoing acts were taken pursuant to, and in order to effectuate an unlawful conspiracy undertaken under color of state law.

28.    The object of the unlawful conspiracy, in general terms, was to deny Plaintiff, and the other heirs of Gwendolyn S. Walker of their property, i.e., their inheritance In the Succession of Gwendolyn S. Walker without due process of law and in violation of their rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States and under 42 U.SC. section 1983. Although the unlawful action of the co-conspiritors listed below had the intended effect of altering, impeding and obstructing the orderly and lawful administration of the Succession of Gwendolyn S. Walker, currently pending on the docket of the Civil District Court of Orleans Parish, Louisiana, the sole purpose of this action is to halt the operation of the conspiracy which is ongoing as of the date of this Complaint and to require the co-conspirators to respond in damages for their unlawful, oppressive, callous and cynical conduct directed toward plaintiff and the other heirs of the Succession

29.    The following specific unlawful acts were taken for the purpose of effectuating the conspiracy and for no other purpose:

    a. By Defendant Judge Reese
        1. Preventing Plaintiff, the Curator of Gwendolyn S. Walker from effectuating his plan to renovate the real property in the Succession by purporting to give control of such renovation to Defendant T. Collette White, thus preventing Plaintiff from accomplishing the renovation and insuring that

-16-

the property would fall into further disrepair and thus enhancing the likelihood that the heirs would be prompted to sell the property.

2.  While conspiring with Judge Bagneris, Pretending to accept an unlawful transfer of the Succession from Judge Bagneris while knowing full well that such transfer was illegal and incompetent to confer jurisdiction on himself (Judge Reese)

3. While pretending to have jurisdiction of the Succession though knowing he had none, deliberately failing and refusing to try the issue of the objection of Margaret Williams To the appointment of Plaintiff as Administrator of the Succession, thereby depriving Plaintiff of due process of law since a trial on the objection was mandated by Louisiana Law

4. While pretending to have jurisdiction over the Succession when he well knew he had none,  entering an Order, appointing his former law clerk, Defendant T. Colette White as Provisional Administrator of the Succession when he well Knew that such appointment could not lawfully be made by him because, first he had no jurisdiction in the Succession, second , no Provisional Administrator could be appointed until after a trial of the objection of Margaret Williams and third  because Defendant T. Colette White was statutorily disqualified from being appointed Provisional Administrator even by a judge who had jurisdiction of the Succession which Judge Reese lacked.  The appointment of T. Colette White was another denial of due process to Plaintiff and the other heirs,.

4  While pretending to have jurisdiction over the Succession though knowing he had note, entering an Order purporting

to waive the security required to be posted by Provisional Administrator (though such waiver was contrary to statute) and then allowing by Order Defendant White to remove more than $150,000.000 in Succession Funds from the relative safety of the Court Registry.

5. While pretending to have jurisdiction over the Succession though knowing full well that he had none, refusing to hear or grant Plaintiff's Motion to pay the Estate bills, thus refusing to remove the only impediment to placing the heirs In possession

6. While pretending to have jurisdiction over the Succession though knowing full well that he had none, entering an Order granting to Defendant T. Collette White fees in the amount of $6,746.86 when he well knew that she was not entitled to any fees for anything she did pursuant to a non-existent Appointment

7. While pretending to have jurisdiction over the Succession though well knowing that he had none, refusing to remove Defendant T. Colette White as Provisional Administrator, Refusing to order Succession funds placed back into the Registry of the Court, refusing to order all of the Succession bills paid and refusing to Order the heirs placed in possession

8. While pretending to have jurisdiction over the Succession though he well knew he had none, allowing Defendant T.Colette White to make false assertions in open Cou8rt on January 23, 2015, when he, Defendant Judge Reese well knew of their falsity, allowing Defendant T. Colette White to file a false Annual Accounting pn January 23, 2015, facilitating the unlawful removal on January 23, 2015 of $13,400.00 from the Succession account by Defendant T.Colette White.

9.  Facilitating and encouraging Defendant T. Colette White to file fraudulent petitions  to open Successions for Marion Dozier Walker and Sigismund C. Walker, Jr. though doing so involved attempting to steal the identities of all four of the rightful heirs of the Succession.

10.  While pretending to have jurisdiction over the Succession though he well knew he had none,  illegally entering an Order Paying Defendant T. Colette White from the sum of $7,000 for her "services in filing the fraudulent petitions indicated in subparagraph 9 above and for attempting to commit identity theft of the heirs.

11.  While pretending to  have jurisdiction over the Succession though he well knew he had none,  illegally entering an Order authorizing  Defendant T. Colette White to illegally contract with Defendant Corey Pierce to provide a defense for white as to Plaintiff's several motions to remove her as Provisional Administrator,  and to pay Pierce at the expense of the Succession.

12.  While pretending to have jurisdiction over the Succession though he well knew he had none, entering an order refusing to recuse himself and attempting to illegally and improperly prohibit the judge randomly designated to try the issue of recusal  from adjudicating any other issue in  the cause including the issues raised by Plaintiff's pending motions.

The above actions of Judge Reese were all taken to effectuate the object of

The conspiracy by placing and keeping the assets of the Succession

beyond the control and possession of FJA and the other heirs so

that the Succession assets could be systematically plundered and looted by
Defendant T. Collette White.

    b.   **By Defendant T. Colette White**

      1.  Knowingly and intentionally joining the conspiracy authored by Defendant Judge Reese,

      2.  Acting in furtherance of the conspiracy by conferring with Judge Bagneris and Defendant Judge Reese for the purpose of arranging the illegal transfer of the Succession to Judge Reese so that he, Defendant Judge Reese, could illegally appoint her, Defendant White as Provisional Administrator and frustrate the smooth and inexpensive administ6ration of the Succession begun by Plaintiff and allow White to raid the assets of the Succession for heri illegal  benefit and for the illegal. benefit of others

      3.  While knowing that Defendant Judge Reese was without jurisdiction in the Succession and well knowing that her own appointment was unlawful, acting to take advantage of her assurance of Defendant Judge Reese's active cooperation and participation in the conspiracy he had authored, filing motions and immediately receiving orders granting the motions thereby denying the heirs due process of law by denying them notice or opportunity to be heard,  even though the hearing would be before her co-conspirator Judge Reese

      4.  Failing and refusing to pay the lawful debts of the Succession and falsely asserting on January 23, 2015 that she had done so and then only paying then  when her dishonesty was demonstrated  on February 26, 2015, all for the express purpose of preserving an impediment to placing the heirs in

possession of the assets of the Succession.

5. Willfully filing a false accounting on January 23, 2015

6. Willfully and feloniously removing $13,400.00 from the Succession Account on January 23, 2015.

7. Willfully and Feloniously filing fraudulent petitions to open Successions  for Marion Dozier Walker and Sigismund C. Walker, Jr. and in so doing committing eight counts of identity theft,  and while well knowing that Defendant Judge Reese had no jurisdiction,  willfully, fraudulently and feloniously obtaining an Order from Defendant Judge Reese paying her $7,000 from the assets of the Succession for "services" performed in filing fraudulent petitions and committing identity theft.

8. While well knowing that Defendant Judge Reese had no jurisdiction in this Sucvcession, obtaining an illegal order from him authorizing her to employ Defendant Corey Pierce to Defend Defendant White against Motions to Remove filed by PLaintiff

9. Improperly participating in the Plaintiff's Motion for recusal


c  By Defendant Corey Pierce


1.     Knowingly and intentionally joining the conspiracy authored by Judge Reese

2.     Willfully and intentionally agreeing to an illegal contract  with the specific intent to receive monetary benefits therefrom at the expense of the succession,  thereby seeking to collect an excessive and unlawful fee.

3.     While pretending to provide representation to Defendant White , in actuality , illegally providing a defense for Judge Reese on Plaintiff's Motion for the Recusal of Judge Reese, thereby working to  deprive the heirs of possession and working to  force a sale of the real property in the Succession.

4.     Seeking to overrule the precautionary measures taken by   Defendant FNBC  Bank as a result of Defendant White's illegal actions by seeking an order from Defendant Reese, his co-conspirator granting  Defendant White access to the Succession funds.

d     By Defendant First NBC Bank and Defendant Ken LeDoux

1.  While aware of the existence of the conspiracy, and the dishonesty of Defendant White furthering the object of the conspiracy by failing  and refusing to adequately protect the interests of the heirs to the Succession whose funds were on deposit with the Defendant bank and failing to take measures authorized by Statute  to insure that the assets of the Succession  would not be plundered in secret by the other Defendant T. Collette White.

### DAMAGES

As a direct and proximaye result of the aftoesaid acts of the Defendants and each of them, plaintiff has suffered monetary loss in the form of loss of his rightful share of the inheritance due the heirs of the Succession , loss of his claim for a Curator's fee and reimbursement of Expenses, loss of his

share of the rental income  that should have been derived from the leasing of the real property belonging to the heirs, mental anguish as a result of a near three year long struggle to wrest his rightful inheritance  from the hand of a despotic judicial officer and his minions, and expenses for Court fees travel expenses and other costs

WHEREFORE,  Plaintiff demands judgment from Defendants and Each of them as follows:

a. Compensatory damages in the amount of $5,000,000 Dollars
b. Punitive damages in the amount of 10,000,000.00
c. Equitable relief in the form of a preliminary injunction Immediately halting the operation of the illegal conspiracy herein alleged .
d.  All costs of this action.

RESPECTFULLY SUBMITTED

FIRNIST J. ALEXANDER, JR., *PRO SE*
POST OFFICE BOX 1326
JACKSON, MISSISSIPPI 39215
601 668-9933